UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:  Christian S. Powell,                                    Case No. 16-30073
                                                                 Chapter 7

                           Debtor.

---

Irving Owens,

                           Plaintiff,                           Adv. Proc. No. 16-50014

           v.

Christian S. Powell,

                           Defendant.

---

Appearances:

Woodruff L. Carroll                                             *for Plaintiff*
Woodruff Lee Carroll, PC
441 South Selina St.
Syracuse, NY 13202-0352

Theodore L. Araujo                                              *for Defendant*
Bodow Law Firm, PLLC
Bankruptcy Law Center
6739 Myers Road
East Syracuse, NY 13057-9787

**Memorandum-Decision and Order**

Irving Owens ("Plaintiff") commenced this adversary proceeding seeking to except an unliquidated judgment debt (the "Debt") owed to Plaintiff by Christian S. Powell ("Debtor" or "Defendant") from discharge in Defendant's chapter 7 bankruptcy case. Specifically, Plaintiff

asserts that the Debt resulted from Defendant's intentional assault and injury of Plaintiff and is, accordingly, nondischargeable pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury.[1]

The court conducted a bench trial on November 18, 2016, at which both Plaintiff and Defendant testified.[2] The parties stipulated to the admission of Plaintiff's sole exhibit, an Onondaga County Certificate of Conviction of Defendant, dated November 12, 2015, for third degree assault with intent to cause physical injury. After trial, the court directed the parties to submit post-trial briefs, which have since been filed.[3] This memorandum-decision incorporates the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons discussed, the court finds the Debt nondischargeable.

## Jurisdiction

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(I), and 1334(b).

## Background Facts

Both parties were out celebrating New Year's Eve 2013 in downtown Syracuse. In the early hours of January 1, 2014, the parties both relate a physical altercation involving a dispute over a taxi cab, but offer widely divergent accounts of the events leading up to the incident. According to Plaintiff, he attempted to get into the front seat of a cab when Defendant—who had been sitting in the back seat of the cab—exited the cab, struck Plaintiff, knocked him to the ground and kicked him in the face, rendering Plaintiff unconscious. According to Defendant, he had entered the cab and given an address to the driver when Plaintiff struck him and pinned him inside

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.
[2] Plaintiff initially requested a trial by jury, but later withdrew that request. Pl.'s Letter (Doc. 5).
[3] *See* Plaintiff's post-trial memorandum of law at Doc. 20, and Defendant's post-trial memorandum of law at Doc. 21.

2

the cab. Defendant testified that he forcefully exited the cab in a state of panic and struck Plaintiff in self-defense without animus or malice.

It is not disputed that Plaintiff sustained serious injuries including a broken eye socket and orbital bone and required stitches. Following the altercation Defendant was arrested, tried and convicted of assault in the third degree in Syracuse City Court, 5th Judicial District, under New York Penal Law § 120.00. (Pl.'s Ex. 1). Subsequent to Defendant's criminal conviction, Plaintiff filed a civil lawsuit against Defendant in Onondaga Supreme Court on November 24, 2015. Defendant failed to answer, and Plaintiff was seeking a default judgment when Defendant filed for bankruptcy. (Pl.'s Comp. ¶ 22, 23, and 25).

On his bankruptcy schedules, Debtor listed Plaintiff's claim at an unknown value. Plaintiff filed this adversary proceeding seeking to except the Debt from discharge under § 523(a)(6) as caused by Debtor's willful and malicious injury. Defendant's answer acknowledges the criminal conviction, but denies that it has any preclusive effect on this litigation.[4] At trial, both Plaintiff and Defendant testified, and Plaintiff presented unrebutted testimony regarding the extent of his injuries.

### Arguments

Plaintiff argues that Defendant's criminal conviction precludes relitigation of the elements necessary to meet § 523(a)(6)'s discharge exception. Plaintiff asserts that the requirements of issue preclusion are met because the factual issues relevant to a § 523(a)(6) claim of willful and malicious injury were necessary to support the criminal judgment and there is no claim that Defendant did not have a full and fair opportunity to litigate the issue in the prior criminal proceeding. In the alternative, Plaintiff argues that based upon the evidence propounded—

---

[4] The answer raised various affirmative defenses, asserted a counterclaim for violation of the automatic stay, and demanded attorney's fees and costs (Doc. 7). Defendant subsequently withdrew his counterclaim.

3

Defendant's and Plaintiff's oral testimony—the court may infer the requisite intent and malice to find the Debt nondischargeable.

Defendant advances several affirmative defenses.[5] Defendant claims that: (i) his criminal conviction should not be entitled to issue preclusion with respect to the issues relevant to a § 523(a)(6) determination because the elements of Defendant's conviction do not conform to the elements of § 523(a)(6), (ii) Defendant's injury of Plaintiff was necessitated by self-defense and was without malice, and (iii) Plaintiff's complaint fails to state a cause of action.

More specifically, Defendant argues that the criminal conviction does not clearly identify under which subdivision of assault in the third degree he was convicted. In Defendant's view, if the prior conviction only encompassed the "reckless" cause of physical injury under New York Penal Law § 120.00-02, the conviction would lack preclusive effect as to intent. Defendant does not contest that Plaintiff was injured. Defendant asserts, however, that, in conjunction with his claim of self-defense, the record does not demonstrate and does not allow the court to infer that Defendant acted with the requisite intent to cause the willful and malicious injury to Plaintiff necessary for the Debt to be excepted from discharge.

**Applicable Law**

*11 U.S.C. § 523(a)(6)*

Section 523(a)(6) provides that a debtor's discharge under § 727 excepts any debt "for willful and malicious injury by the debtor to another entity."[6] This exception to discharge requires a plaintiff to prove three elements: (i) "debtor acted willfully," (ii) "debtor acted maliciously," and (iii) "debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property." *Guggenheim Capital LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 802–03 (Bankr.

---

[5] Defendant's first and second defenses were consensually resolved prior to trial.
[6] Section 101(15) defines "entity" as including a person.

4

E.D.N.Y. 2014). A plaintiff must establish the elements of § 523(a)(6) by preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 755 (1991). Willfulness and maliciousness are separate elements that must be independently proven. *Ladouceur v. Boutin (In re Boutin)*, No. 15-30128, 2016 WL 4268257, at *2 (Bankr. N.D.N.Y. Aug. 11, 2016) (citing *In re Krautheimer*, 241 B.R. 330, 340 (Bankr. S.D.N.Y. 1999)).

### a. The Willful Element

An act is willful, for the purposes of § 523(a)(6) when an actor had actual intent to cause injury or "was substantially certain that the injury would occur." *Margulies v. Hough (In re Margulies)*, 541 B.R. 156, 162 (Bankr. S.D.N.Y. 2015) (citing cases and Restatement (Second) of Torts § 8A (Am. Law Inst. 1965)). As explained by the United States Supreme Court in the seminal case of *Kawaauhau v. Geiger*, the statute directs the nondischargeability analysis on the "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." 523 U.S. 57, 61-62 (1998) (emphasis in the original). Courts in the Second Circuit generally apply a subjective standard of intent. *Margulies v. Hough (In re Margulies)*, 517 B.R. 441, 453 (S.D.N.Y. 2014) (surveying cases and discussing the circuit split between the Sixth, Eighth, Ninth and Tenth Circuits, which apply a subjective standard and the Fifth Circuit, which applies an objective standard).

### b. The Malice Element

As for the element of malice, an act is malicious when "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996)). A finding of malice does not require a "specific intent to harm or injure," but rather "is implied when anyone of reasonable intelligence knows that the act in question is

5

contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Aldus Green Co. v. Mitchell (In re Mitchell)*, 227 B.R. 45, 51 (Bankr. S.D.N.Y. 1998) (citations and quotations omitted); *In re Stelluti*, 94 F.3d at 87 (Implied malice may be found as "demonstrated by the acts and conduct of the debtor in the context of [the] surrounding circumstances.") (quoting *First National Bank of Maryland v. Stanley (In re Stanley)*, 66 F.3d 664, 668 (4th Cir. 1995)).

### *New York Penal Law § 120*

New York's Penal Law provides that:

> A person is guilty of assault in the third degree when:
> 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or
> 2. He recklessly causes physical injury to another person; or
> 3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

N.Y. Penal Law § 120.00 (McKinney). New York Penal law further defines "physical injury" as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10(9) (McKinney).

### *Issue Preclusion*

"Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction," and the doctrine of *res judicata* acts to bar the relitigation of claims that have been resolved by final judgements. *Kelleran v. Andrijevic*, 825 F.2d 692, 695 (2d Cir. 1987). The broader doctrine of *res judicata* includes two distinct groupings of preclusive effects— "issue preclusion" and "claim preclusion." Courts have used various descriptions for these sub-doctrines, but the Supreme Court has clarified the modern trend in nomenclature: "Claim preclusion describes the rules formerly known as "merger" and "bar," while issue preclusion encompasses the doctrines once known as "collateral estoppel" and "direct estoppel." *Taylor v. Sturgell*, 553 U.S. 880, 906 (2008) (citing *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S.

6

75, 77, n. 1, (1984)). While *Taylor* involved the application of federal common law, this opinion uses the modern term of "issue preclusion" in place of "collateral estoppel."

When another court's judgment is involved, bankruptcy courts fully retain the jurisdiction to determine the dischargeability of any resulting debt, including the presentation of new issues or evidence "that is relevant to the nondischargeability action, but that was not relevant to the prior claim or action." *VW Credit, Inc. v Salim (In re Salim)*, No. 13-42974-ESS, 2015 WL 1240000, at *9 (Bankr. E.D.N.Y. Mar. 16, 2015) (citing *Brown v. Felsen*, 442 U.S. 127, 133, (1979)). However, when the prior action did encompass issues and evidence relevant to dischargeability, bankruptcy courts will give proper effect to the prior judgment.

A dischargeability proceeding in bankruptcy following a related state court judgment involves the application of issue preclusion. *In re Granoff*, No. 05-33028, 2006 WL 1997408, at *6 (Bankr. E.D. Pa. June 6, 2006), *aff'd sub nom. Granoff v. Bibus*, No. 05-33028, 2006 WL 2583589 (E.D. Pa. Sept. 6, 2006), *aff'd sub nom. In re Granoff*, 250 F. App'x 494 (3d Cir. 2007) ("Although res judicata (i.e., claim preclusion) stemming from pre-bankruptcy state court litigation does not apply to non-dischargeability issues ... collateral estoppel (i.e., issue preclusion) may apply."). Issue preclusion acts to further judicial economy and prevent inconsistent decisions by barring "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. at 892 (quotation omitted); *Grogan v. Garner*, 498 U.S. 279, 284 (1991) ("If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action."). The law of a state governs "[t]he preclusive

7

effect of a state court determination in a subsequent federal action." *State of New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir.1997) (citing 28 U.S.C. § 1738). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).

New York Law puts the burden of establishing the identity of issues and their having been necessarily decided in the prior action on the invoking party. *In re Boutin*, 2016 WL 4268257, at *2. The opposing party must then establish the absence of a "full and fair opportunity to litigate the issue in the prior action." *Id.* (quoting *In re Sokol*, 113 F.3d at 306). Whether or not an opposing party previously had a "full and fair opportunity to litigate" requires an analysis of certain non-exclusive factors. These factors have been identified as including: "1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation (because of its impact on the incentive to litigate in the first proceeding)" *In re Sokol*, 113 F.3d at 306 (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 501, (N.Y. 1984)).

New York courts give preclusive effect to prior criminal convictions in subsequent civil actions when there is an identity of issues and the issues were necessarily decided in the prior proceeding. *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 666, (N.Y. 1990) (cited by *Vyshedsky v. Soliman (In re Soliman)*, 515 B.R. 179, 188 (Bankr. S.D.N.Y. 2014)). Establishing the identity of issues requires, additionally, that the issues must have been "actually litigated" by having been "properly raised by the pleadings or otherwise placed in issue and actually determined

in the prior proceedings." *Id.; see also Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (applying the same "actually litigated" requirement to a default judgment in a dischargeability proceeding).

## Discussion

Plaintiff primarily relies on issue preclusion stemming from Defendant's state court criminal conviction to establish the elements of § 523(a)(6). At the outset, the court rejects Defendant's argument that the criminal conviction under New York's Penal Code does not clearly identify under which subsection of assault in the third degree the Defendant was convicted. Exhibit 1 clearly establishes that the Defendant was convicted on June 26, 2014 of "3-ASLT W/INT CAUSES PHYS PL-120.00-01." Beyond a reasonable doubt, Defendant was criminally convicted under subsection one of N.Y. Penal Law § 120.00-01.[7] This subsection identifies the very same elements necessary to establish the dischargeability exception of § 523(a)(6). The conviction included, as a necessary element of the crime, a requirement of actual intent to cause physical injury. Accordingly, the court concludes that Defendant's actual intent to injure is established thus satisfying the willfulness element of § 523(a)(6).

The malice element can also be inferred from Defendant's conviction because the criminal court implicitly found that Defendant caused injury to Plaintiff without just cause or excuse. The assertion of self-defense is an admission that the underlying act was intentional, and, in the event that justification is not established, an admission that the act was malicious. *See In re Soliman*, 539 B.R. 692, 699-700 (Bankr. S.D.N.Y. 2015) (citing *In re Taylor*, 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004)).

Debtor was represented in the criminal proceeding, was afforded his Constitutional rights, and had every incentive to offer a complete defense. As stated before this court, Defendant testified

---

[7] Defendant concedes that a conviction under subsection one is a potential basis to establish intent. Pl. Mem. Of Law p.3, ¶ 20.

9

in the criminal proceeding and the court finds that the underlying facts that support the conviction were fully litigated. *See Grayes v. DiStasio*, 166 A.D.2d 261, 262–63, (N.Y. App. Div. 1990) ("A criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue."). The court concludes that the affirmative defense of justification—i.e., the use of physical force in the defense of a person, under N.Y. Penal Law § 35.15—was actually litigated or otherwise placed in issue in the prior proceeding.

In opposing the application of issue preclusion, it is Defendant's burden to establish that he did not have a full and fair opportunity to litigate the prior criminal proceeding. Though Defendant now asserts the justification of self-defense, Defendant does not argue that he did not previously assert or have the opportunity to assert defenses, or that he did not otherwise have a full and fair opportunity to defend himself in the criminal state court action. *See In re Soliman*, 539 B.R. 692, 700 (Bankr. S.D.N.Y. 2015) ("Since New York recognizes self-defense as a possible defense to a criminal assault charge, a guilty plea precludes a criminal defendant from later asserting self-defense in a civil assault case, or as here, as a defense to a denial of discharge"); James L. Buchwalter, *Cause of Action to Determine Dischargeability in Bankruptcy of Debt Arising From "Willful and Malicious" Injury or Damage*, 30 Causes of Action 2d 493, cmt. § 8 (2006) (Noting that "in the case of intentional torts or criminal offenses (such as assault), the lack of a finding of justification or excuse, such as self-defense, [in the prior state court action] will often suffice to meet the malice standard under 11 U.S.C.A. § 523(a)(6)."). While potentially also relevant to dischargeability, a claim of self-defense encompasses issues and evidence that was relevant to the prior criminal proceeding, and, consequently, is subject to issue preclusion in the absence of any claim that there was not a full and fair opportunity to litigate.

The court finds that the necessary elements of § 523(a)(6) have been established and that issue preclusion applies to Plaintiff's claim.

### *Defendant's Injury of Plaintiff was Willful and Malicious and Defendant's Affirmative Defense that He Acted in Self-defense is Unavailing*

Notwithstanding that the record should end with the criminal conviction, the court heard testimony from both the Plaintiff and the Defendant. Even were the court to find that Defendant was not precluded from asserting a claim of self-defense, he failed to establish that he acted in self-defense by a preponderance of the evidence, and the facts at trial established that Defendant acted willfully and maliciously.

There is no dispute that Defendant struck Plaintiff multiple times, knocked him to the ground, struck him while he was on the ground, and rendered him unconscious. Defendant's sole argument is that these acts were justified as taken in self-defense. Plaintiff's unrebutted testimony is that Defendant's actions resulted in significant injuries to Plaintiff, including a broken eye socket and orbital bone and requiring stiches. As self-defense is an affirmative defense, it is Defendant's burden to establish that it applies. *See In re Soliman*, 539 B.R. 692, 699 (Bankr. S.D.N.Y. 2015) (noting that unless issue preclusion bars its assertion, "a debtor may raise self-defense as an affirmative defense to a non-dischargeability claim").

Under New York Law, a person may, "use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person, unless ... [t]he actor was the initial aggressor." N.Y. Penal Law § 35.15 (McKinney).

Under the circumstances, Defendant's actions demonstrate an unreasonable amount of force used in the absence of an imminent threat of force. *See In re Soliman*, 539 B.R. at 703 (finding

11

act of biting to not be a reasonable act of self-defense); *Zuern v. Chapman (In re Chapman)*, 46 B.R. 90, 93 (Bankr. N.D. Ohio 1985) ("[T]he deliberate pursuit of the plaintiff into the street to kick him repeatedly in the head as he lay in the street is not self-defense but a malicious act by any definition.").

Having listened to the testimony of both witnesses, the court finds the account proffered by the Defendant to be preposterous. It is simply not credible for the Debtor to have been attacked in the back seat of the taxi, to have exited and then to affirmatively proceed to pummel the Plaintiff to a state of unconsciousness, all in the name of self-defense. The court concludes that Defendant was the initial aggressor and believes the Plaintiff's version of the incident over that of the Defendant.

Defendant has failed to prove that he acted under the necessity of self-defense and the court finds that the debt owed to Plaintiff was caused by Defendant's willful and malicious injury.

## Conclusion

A separate judgment shall issue in accordance with Fed. R. Bankr. P. 7058 declaring the Debt owed by Debtor to Plaintiff nondischargeable under 11 U.S.C. § 523(a)(6), with the amount of the debt to be determined in the pending state court action.

So Ordered.

Dated: February 17, 2017
Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge